IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:08 CR 121 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Keven A. McIntyre, | |
| Defendant. | |

### INTRODUCTION

Pending before the Court is Defendant Keven McIntyre's Motion to Withdraw Plea of Guilty (Doc. No. 59) pursuant to Federal Rule of Criminal Procedure 11(d). The Government filed an Opposition to the Motion (Doc. No. 60). Defendant pled guilty to one count of possession of child pornography on October 3, 2008. Defendant notified the Court of his intent to file the instant Motion on November 20, 2008. The Court held a hearing on November 24, 2008 on the pending Motion.

### BACKGROUND

This matter began with the filing of a Complaint on February 13, 2008 (Doc. No. 1). A one-count Indictment was issued on March 5, 2008 (Doc. No. 13). An arraignment hearing was held on March 12, 2008 at which Defendant pled not guilty. On April 9, 2008, the Court granted a Joint Motion requesting an additional 21 days to file motions and conduct plea negotiations (Doc. No. 17). On May 20, 2008, the Court granted Defendant's request to review the computer images (Doc. No. 25). At the end of May, the Court granted Defendant two extensions to file a motion to suppress, which ultimately was filed on June 1, 2008 (Doc. Nos. 26-30). The Court denied the Motion to Suppress (Doc. No. 42). The Court then extended the plea deadline at Defendant's request to July 24,

2008 (Doc. No. 45), at which time Defendant indicated his intent to proceed to trial (Doc. No. 46). On August 7, 2008, the Government filed a Superseding Indictment, which added two additional counts (Doc. No. 50). At an August 18, 2008 arraignment, Defendant pled not guilty to all three counts, and on that date the Court set a trial date of October 14, 2008. On August 27, 2008, the Court granted Defendant's Motion to Appoint expert witness Wayne Marney (Doc. No. 54) to assist with a review of the computer images.

On October 3, 2008, Defendant withdrew his pleas of not guilty and entered a plea of guilty to Count Three of the Superseding Indictment -- possession of child pornography shipped via interstate commerce in violation of 18 U.S.C. § 2252(a)(5)(B). This is the same count contained in the original single-count Complaint. The Court accepted Defendant's plea but reserved approval of the plea agreement until sentencing. The Court set a sentencing date of December 29, 2008.

Defendant now seeks to withdraw his October 3, 2008 guilty plea as to Count Three of the Superseding Indictment.

## **DISCUSSION**

Under Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a defendant may withdraw a plea of guilty or nolo contendere after the court accepts the plea, but before it imposes a sentence, if the defendant can show a "fair and just reason" for requesting the withdrawal. *See United States v. Hyde*, 520 U.S. 670, 671 (1997).

A recent Sixth Circuit opinion outlines the factors a district judge is to consider when evaluating whether a defendant has presented a "fair and just reason" for withdrawing a plea under Rule 11(d)(2)(B). In *United States v. Dixon*, 479 F.3d 431 (6th Cir. 2007), the defendant sought to withdraw his guilty plea nearly two years after it was entered but before he was sentenced. The

district judge denied the defendant's motion to withdraw his guilty plea, and the Sixth Circuit affirmed.

The *Dixon* court first held that it is the defendant's burden to demonstrate that there is a "fair and just reason" for allowing the withdrawal. *Id.* at 436. The court noted "[t]he purpose of Rule 11(d) is to allow a *hastily entered plea* made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice." *Id.* (emphasis added) (internal quotations omitted).

The *Dixon* court outlined several non-exclusive factors to be considered when evaluating whether a defendant has met his burden of establishing a "fair and just reason":

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Id.* (*quoting United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998)).

The Court is not concerned with the amount of time that has lapsed since Defendant's plea. The parties disagree on how to calculate the time but, at most, six weeks lapsed. Whatever the exact amount of time, it was not so long that it would prevent the Court from granting a withdrawal **if** the other *Dixon* factors supported a "just reason."

The Court finds the circumstances underlying Defendant's guilty plea, his nature and background, and his prior courtroom experience to be the most critical factors in the Court's analysis of this case. The Court considers both the circumstances attendant at the time Defendant entered his

3

plea, as well as any information that came to light after entry of the plea that puts into question the validity of the plea. Newly acquired information may suggest Defendant was unable to fully evaluate his case in order to knowingly enter into the plea. *See United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (defendant denied motion to withdraw plea when he based withdrawal on claim that additional witnesses would testify in his favor on a suppression issue where the witnesses defendant wished to call were available at time of the first evidentiary hearing).

The crux of Defendant's argument is that only two to three days lapsed between his final meeting with Marney and his plea hearing. Therefore, Defendant maintains, he had little time to digest and consider the findings of his expert before entering his plea. Specifically, Defendant argues he did not have enough time to fully evaluate the interstate commerce prong of the charges. However, a review of the plea colloquy and the history of this case suggests Defendant had ample time to evaluate his case and make a careful decision on how he wished to proceed. Additionally, Defendant has not offered any new information that was not available to him before he entered his plea. Instead, he argues he has more thoroughly considered the same information available to him prior to the hearing.

At his October 3, 2008 plea hearing, defense counsel indicated he had "many many many conversations" with Defendant (Plea Hearing, p. 8). Defendant himself expressed that he had enough time and opportunity to talk to his lawyer about the case and that he had discussed all possible defenses to the charges he faced (p. 9); and that he read, understood and was prepared to adhere to the plea agreement (pp. 24-26). Defendant met with his computer expert, Wayne Marney, a number of times in the days preceding the plea hearing and had lengthy conversations with him, including a discussion of interstate commerce issues (pp. 29-30).

4

Prior to the plea hearing, Defendant thoroughly considered the interstate commerce aspect of the charges, including a review with expert Marney who answered all Defendant's questions (p. 30). When the Government recited the trial evidence that would be offered, including evidence on the issue of interstate commerce (e.g., Defendant's computer contained images of child pornography that were shipped and transported in interstate or foreign commerce; the computer contained components manufactured outside Ohio; and at least one victim-witness was photographed in Florida (pp. 33-35)), Defendant "absolutely" agreed with the Government's statement (p. 38).

The Court also considers the extensive history of the case. Defendant had many contacts with his counsel and the Court, has prior experience with the criminal justice system, and had ample time to fully evaluate his case. In light of this history and Defendant's own sworn statements at the plea hearing, the Court finds Defendant's plea was not "hastily entered." *Dixon*, 479 F.3d at 436. Rather, the Court finds Defendant gave thorough consideration to many aspects of his case prior to entering his plea of guilty on October 3, 2008.

## CONCLUSION

Defendant failed to establish a fair and just reason why this Court should allow him to withdraw his plea of guilty. No new information has come to light that puts the knowing and voluntary nature of his plea into question. The Court is satisfied Defendant was fully aware of his plea agreement and its consequences. Therefore, the Motion to Withdraw his guilty plea is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 4, 2008